This is a suit for specific performance.
A contract was entered into which provides that the purchase price is to be $26,022, the deposit to be paid is $1,000. A further sum of $2,022 is to be paid on the delivery of the deed. The contract further provides that the complainant is to assume the payment of a mortgage in the sum of $18,500, and the balance of $4,500 is to be provided for by the complainant executing a purchase-money mortgage. The contract also has the following clause:
"It is expressly understood and agreed that the parties of the first part are the bona fide holder of a contract for the purchase of said premises, and in the event that they do not get title for any reason, that then the party of the second part shall be entitled to the return of his deposit without any further costs or charges."
Defendants took title to the property, which was covered by a mortgage of $14,000 in addition to the $18,500 mortgage mentioned in the contract. *Page 467 
Complainant desires the property according to the terms of the contract. Defendants allege that they were led to believe the additional mortgage had been satisfied and so took title. The defendants' answer simply says they are not in any financial condition to carry out the contract and they thought the $14,000 mortgage had been paid before they took title.
When the contract for sale between the parties herein was made, defendants only had a contract to purchase. A proper examination of the title would certainly have disclosed the additional mortgage, and then under the terms of the contract of sale they could have refused to take title and returned the deposit because the contract says "in the event they do not get title for anyreason." The additional mortgage would have been the reason for terminating the contract.
To hold now that their ignorance of the existence of the mortgage is a defense would be, in effect, to allow them to take advantage of their own laches.
I will advise a decree striking out the answer.